UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13385** |
| **DARREL VANNOY, WARDEN** | **SECTION: "B"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Terry Smith, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. In March 2014, Smith was charged by grand jury indictment with six counts involving his minor stepdaughter, T.R. These charges included two counts of aggravated rape, one count of sexual battery and three counts of aggravated

incest.[1]   In January 2016, a jury unanimously found him guilty as charged on all six counts.[2] His motions for new trial and for post-verdict judgment of acquittal were denied, and he was sentenced to two terms of life imprisonment for aggravated rape, 50 years for sexual battery, and three terms of 15 years each for aggravated incest, all to be served consecutively and without benefit of probation, parole or suspension of sentence.[3]   The trial court subsequently denied his motion to reconsider the sentences.[4]

On direct appeal, his appointed counsel filed an *Anders* brief citing no non-frivolous issues for review and a request to withdraw as counsel of record.[5]   After conducting an independent review of the record, the court of appeal affirmed the convictions, affirmed the sentences imposed on counts one, two and three, and affirmed as amended the sentences on counts four, five and six to delete the parole restriction.   Counsel's motion to withdraw was granted.   The case was remanded for correction of the minute entry and commitment order, if any, to reflect the amended sentences.[6]   Smith did not pursue any further direct

---

[1] State Rec., Vol. 1 of 7, Grand Jury Indictment, Terrebonne Parish.

[2] State Rec., Vol. 4 of 7, Minute Entry, 1/28/16.

[3] State Rec., Vol. 4 of 7, Minute Entry, 3/21/16.

[4] State Rec., Vol. 1 of 7, Order denying Motion to Reconsider Sentence, 4/4/16.

[5] State Rec., Vol. 3 of 7, Appellant Brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241.

[6] State Rec., Vol. 3 of 7, *State v. Smith*, 2016-KA-1222, 2017 WL 658784 (La. App. 1 Cir. 2/17/17), *reh'g denied* (La. App. 1 Cir. 3/1/17); *see also* State Rec., Vol. 4 of 7, Minute

appeals.

On or about August 13, 2017, Smith submitted an application for post-conviction relief to the state district court.[7] In that application, he claimed that he was, in fact, actually innocent of the offenses of conviction[8] and attached bank statements and employment records in an attempt to dispute the victim's testimony and provide an alibi as to his physical location on the alleged dates of the incidents. He later supplemented the application to include additional documentation.[9] The State filed a response asserting that the evidence was not newly discovered or unavailable for trial when Smith asserted his alibi defense, and regardless, the claim of actual innocence was not a cognizable ground for post-conviction relief.[10] On July 11, 2018, the state district court denied relief on the claim because Smith

---

Entry, 3/24/17.

[7] State Rec., Vol. 3 of 7, Motion for Post-Conviction Relief dated August 13, 2017.

[8] His allegations specifically pertained to counts two, three and five, but he alleged he had more records for count six and was simply missing documentation to support his alibi for counts one and four, which he planned to obtain by subpoena. *See* State Rec. Vol. 3 of 7, PCR (Claims), R.p. 1362.

[9] State Rec., Vol. 3 of 7, Motion to Supplement Post-Conviction Relief dated Dec. 10, 2017. As the appellate court noted on direct appeal, only the incidents that occurred in Terrebonne Parish formed the basis for the charges in the instant case, even though the victim's testimony encompassed more incidents that occurred on other dates outside of Terrebonne Parish. *Smith*, 2017 WL 658784 at *1 n. 3.

[10] State Rec., Vol. 4 of 7, State's Response to Petitioner's Application for Post-Conviction Relief; *see also* Smith's Motion to Rebut State's Response filed on or about Feb. 15, 2018.

failed to state a cognizable claim for post-conviction relief as articulated in *State v. Pierre*, 14-0873 (La. 10/15/13), 125 So.3d 403 and *State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290.[11] On November 30, 2018, the Louisiana First Circuit Court of Appeal denied his application for supervisory writs.[12] On October 1, 2019, the Louisiana Supreme Court denied his related application for supervisory writ of review because he failed to show that he is factually innocent under the standard of *State v Conway*.[13]

On or about October 25, 2019, Smith filed the instant federal application for habeas corpus relief.[14] He asserts a freestanding claim of actual innocence and argues that it is unconstitutional to hold a factually innocent person in prison.[15] The State concedes timeliness and exhaustion, but argues that the claim lacks merit.[16] Smith filed a reply to the State's response.[17]

---

[11] State Rec., Vol. 4 of 7, Post-Conviction Relief Judgment, 7/11/18.

[12] State Rec., Vol. 4 of 7, *State v. Smith*, 2018-KW-1158, 2018 WL 6264727 (La. App. 1 Cir. Nov. 30, 2018) (unpublished).

[13] *State v. Smith*, 2019-KH-0034 (La. 1/18/19), 280 So.3d 131; State Rec., Vol. 7 of 7.

[14] Rec. Docs. 1, 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[15] In his petition, Smith alleges two grounds for relief: (1) actual factual innocence and (2) unconstitutional imprisonment of an innocent person. These will be addressed together as an actual-innocence claim for relief. Rec. Doc. 3.

[16] Rec. Doc. 15.

[17] Rec. Doc. 17.

**Facts**

On direct appeal, the Louisiana First Circuit briefly summarized the facts adduced at trial:

At the age of seven years old, the victim, T.R., met the defendant (her stepfather for the bulk of her childhood), who began living with and ultimately married the victim's mother, C.S.[18] During her childhood, the victim rotated back and forth between three households, including her grandmother's home in Houma, Louisiana, her mother's home in Walker, Louisiana, and her biological father's home in Florida. When the victim was ten years old, in November of 2004, the defendant had sexual intercourse with her for the first time while the other occupants at her grandmother's house were asleep.[19] The victim specifically testified that the defendant pulled down her underwear and shorts, put his genitals between her legs and then into her vagina, that it "really hurt," and that she was bleeding. The victim was scared and confused, and did not tell anyone about the incident.

The victim also recalled the defendant having sexual intercourse with her when she was twelve years old, in 2006, when he came to her grandmother's residence to repair the floorboards in the house. The victim stated that the incident occurred when her mother, grandmother, and sister left the home to go shopping, though the victim's nanny was present in the home asleep. The defendant called the victim into the room with him with the pretense of needing help with the floorboards, but then had vaginal intercourse with the victim once she entered the room. That year, during the regular Thanksgiving gathering at the victim's grandmother's residence, the defendant also inserted an empty beer bottle into the victim's vagina.

---

[18] Herein, in order to protect the identity of the victim, whose date of birth is February 16, 1994, only initials will be used to identify the victim and her mother. *See* La. R.S. 46:1844(W) (amended by 2016 La. Acts, No. 387).

[19] As the victim's mother and the defendant often visited the victim's grandmother, took the victim on out-of-state trips, and took trips to Florida while the victim was at her father's residence, incidents took place in and out of Terrebonne Parish. The statement of facts herein only include incidents that occurred in Terrebonne Parish, the bases of the charges in this case.

> The defendant also rented hotel rooms in Terrebonne Parish for the purpose of engaging in sexual intercourse with the victim. The victim specifically testified that in 2007 the defendant rented a room under the pretense that he was taking the victim to get donuts and to Wal–Mart. Similarly, in 2009 or 2010, when the victim was fifteen or sixteen years old, the defendant rented a room and had sexual intercourse with the victim before taking her to Wal–Mart. The final incident took place in 2011, when the victim was seventeen years old and the defendant had sexual intercourse with her in a vehicle parked in a Wal–Mart parking lot in Houma.
>
> The defendant testified at the trial and denied all of the victim's allegations, providing work-related alibis. However, the defendant recalled going to the victim's grandmother's house to repair the floorboards though he denied sexually abusing the victim. The defendant admitted to having a previous conviction of sexual battery of T.R., the victim in this case, in Livingston Parish.[20]

## Standards of Review on the Merits

Title 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure questions of fact, pure questions of law, and mixed questions of both.   A state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The

---

[20] *State v. Smith*, 2017 WL 658784, at *1-2 (footnotes in original).

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state-court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010). An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court

7

precedent simply does not warrant habeas relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents." *Id*. (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

**Analysis**

Smith asserts that he has newly-discovered evidence that proves he did not commit the crimes for which he was convicted. He claims that his financial and employment records for the relevant time frames mentioned in the indictment (with the exception of count 1),[21] show that he was not with the victim on the dates alleged and prove he is actually innocent of the crimes for which he was convicted.[22] He alleges that "[he] had somewhat

---

[21] Rec. Doc. 1, p. 20. Smith maintained that "due to Petitioner being in prison, he is unable to get his work records from the company in West Monroe, Louisiana, that employed him on a street resurface job in Oak Grove, Louisiana, on November 22, 2004, which is count 1."

[22] *See* Rec. Doc. 1, Petition with Exhibits 1-1 through 1-11; State Rec., Vol. 3 of 7 (PCR

proved he was not even in the State of Louisiana on the dates of counts 2, 3, 4, 5 and 6... [s]o by reason of any reasonable person, if [the victim] lied about counts 2, 3, 4, 5 and 6, she surely lied about count 1." (Rec. Doc. 17, p. 12).

He raised the actual-innocence claim in his application for post-conviction relief submitted to each state court including the Louisiana Supreme Court. The state district court held that he failed to state a recognized cognizable ground for post-conviction relief. The state courts of appeal rejected the claim on the merits finding that he had not satisfied the burden of proving actual innocence under state law.

Initially, to the extent Smith claims that the state courts misapplied state law when analyzing his claim of actual innocence under *Conway*, he has not stated a cognizable claim for federal habeas review. In *Conway*, "although [the Louisiana Supreme Court] declined to hold that such claims are, in fact, cognizable in collateral attacks on final convictions, a question also left open in federal habeas proceedings by the United States Supreme Court in *Herrera v. Collins*, 506 U.S. 390, 417, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 (1993), [the Court] observed that such claims must necessarily involve 'new, material, noncumulative and conclusive evidence which meets an extraordinarily high standard, and which undermine[s] the prosecution's entire case.' "[23] *State v. Pierre*, 2013-0873 (La. 2013), 125 So.3d 403, 407

---

and Supplement to PCR, with supporting exhibits).

[23] *State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290, cited to other state-law jurisprudence for the availability of such claims of actual innocence and the requisite showing needed on state post-conviction review (citing e.g., *People v. Washington*, 171 Ill.2d 475, 216 Ill. Dec. 773, 665 N.E.2d 1330, 1336-37 (1996) ("We therefore hold as a matter of

(quoting *Conway*, 01–2808 at 1, 816 So.2d at 291 (internal quotation marks and citations omitted)). The state courts rejected Smith's claim under this standard. However, on federal habeas review, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*.

Insofar as stating a federal claim, the United States Supreme Court has yet to recognize a freestanding claim of actual innocence as an independently cognizable ground for relief in federal habeas corpus proceedings. *Burton v. Stephens*, 543 F. Appx. 451, 458 (5th Cir. 2013); *Brown v. Vannoy*, 19-30485, 2020 WL 1778269 (5th Cir. 2020) (citing *Kinsel v. Cain*, 647 F.3d 265, 270 n. 20 (5th Cir. 2011). "Claims of actual innocence based on newly-discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas

---

Illinois constitutional jurisprudence that a claim of newly discovered evidence showing a defendant to be actually innocent of the crime for which he was convicted is cognizable as a matter of due process. That holding aligns Illinois with other jurisdictions likewise recognizing, primarily as a matter of state habeas corpus jurisprudence, a basis to raise such claims under the rubric of due process."); *Summerville v. Warden*, 229 Conn. 397, 641 S.2d 1356, 1372-75 (1994) (Berdon, J., dissenting); *see also Woodfox v. Cain*, 805 F.3d 639, 648 (5th Cir. 2015) (noting that *State v. Conway* identified Louisiana's standard for an actual innocence claim).

10

relief based on a freestanding claim of actual innocence"). For this reason, courts in this Circuit routinely reject freestanding actual-innocence claims to support federal habeas relief. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009) ("The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review."); *Keil v. McCain*, Civ. Action 18-9410, 2019 WL 2439424, at *30 (E.D. La. May 21, 2019), *recommendation adopted* 2019 WL 2437177 (E.D. La. June 11, 2019); *Brown v. Vannoy*, Civ. Action 19-9121, 2019 WL 2396793, at *1-2 (E.D. La. May 20, 2019), *recommendation adopted* 2019 WL 2395533 (E.D. La. June 6, 2019), *aff'd* 2020 WL 1778269 (5th Cir. 2020). Similarly, Smith fails to state a cognizable claim in this Section 2254 habeas proceeding based on his freestanding assertion of actual innocence.

Finally, even if a freestanding claim of this sort was cognizable on federal habeas review, Smith would not satisfy the rigorous standard required to prove actual innocence. The Fifth Circuit observed in *Kinsel* that "the threshold showing for such an assumed right would necessarily be *extraordinarily high*," citing *Herrera*, 506 U.S. at 417, 113 S.Ct. 853. *Kinsel*, 647 F.3d at 270 n. 20 (emphasis added). "The sequence of the Court's decisions in *Herrera* and *Schlup*—first leaving unresolved the status of freestanding claims and then establishing the gateway standard—implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*." *House v. Bell*, 547 U.S. 518, 555 (2006). At a minimum, however, as explained in *Schlup*, "[t]o be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable

11

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And United States Fifth Circuit precedent holds that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.' "[24] *Tyler v. Davis*, 768 F. Appx. 264, 265 (5th Cir. 2019) (citing *Hancock v. Davis*, 906 F.3d 387 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). In discussing a gateway claim of actual innocence, the Supreme Court noted that tenable actual-innocence claims are rare because the applicant must show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386. Here, Smith concedes the evidence (*i.e.*, his personal bank statements and employment records) was known to him and readily available at the time of trial.[25] (Rec. Doc. 1, pp. 33-35). Smith alleges that had these records been introduced at trial, as he requested, to corroborate his alibi testimony regarding his whereabouts on some dates the victim claimed to have been sexually molested,[26] the jury would have fully discredited the

---

[24] The evidence at issue before the Fifth Circuit concerned information contained in alibi witnesses' 2014 affidavits, Dr. Fisher's 2003 report and State Finding of Fact No. 20, all of which the court of appeals held was known and available to petitioner and trial counsel at or before the time of trial. *Tyler*, 768 F. Appx. at 265.

[25] Smith makes it clear that he has not raised a claim of ineffective assistance of counsel. Rec. Doc. 17, p. 12.

[26] Smith cites to the Indictment setting forth the alleged time frame for the crimes as November 22, 2004 (count one), November 2006 (counts two and three), November 1-30,

12

victim's testimony. Even if the evidence could be considered new simply because counsel decided against introducing it at trial, it does not establish his factual innocence. Smith merely seeks to damage the victim's credibility by showing that her memory of dates at the time of trial was faulty, but the victim, who was young when the incidents took place, readily admitted at trial that she had difficulty recalling exact dates over the approximate seven-year time span during which she was abused.[27] The victim's grandmother also had difficulty recalling the exact times when the victim visited her home with her mom and stepfather for Thanksgiving, but she readily agreed they had regular family Thanksgiving gatherings at her house.[28] The discrepancies in dates at trial did not necessarily diminish, either then or now, the fact that the incidents took place. Moreover, the victim's description of the events that occurred and details surrounding those incidents was crystal clear and unwavering. Her recall of the specific surrounding factual details at the times of the incidents was also corroborated by other witnesses, placing it in context even if she was confused about a concrete date. Furthermore, Smith himself admitted to having a previous conviction of sexual battery of T.R., the victim in this case, in Livingston Parish. Measured against the extremely high standard for establishing actual innocence, the documentation

---

2007 (count four), November 2009 or 2010 (count five) and summer 2011 (count six). Rec. Doc. 17, pp. 13-14.

[27] State Rec., Vol. 3 of 7, Trial Transcript, pp. 458-59.

[28] State Rec., Vol. 3 of 7, Trial Transcript, pp. 548-556.

submitted by Smith in this case simply falls short of proving a meritorious actual-innocence claim. The state-court decision rejecting the claim was not contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court. Accordingly, for the reasons expressed, Smith is not entitled to federal habeas relief.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Smith's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[29]

New Orleans, Louisiana, this   15th   day of           May          , 2020.

MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**

---

[29] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.