**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TERRY SMITH**                                    **CIVIL ACTION**

**VERSUS**                                         **NO. 19-13385**

**DARREL VANNOY, WARDEN**                          **SECTION: "B"(5)**


## ORDER AND REASONS

Before the Court are the Magistrate Judge's Report and Recommendation dismissing Terry Smith's Petition for Habeas Corpus Relief (Rec Doc. 18 at 1) and his Objections to the Report and Recommendation Rec. Doc. 19. For the reasons discussed below,

**IT IS ORDERED** that petitioner's objections are **DENIED** and the Report and Recommendation are **ADOPTED** as the opinion of the court, dismissing the instant habeas petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Terry Smith is an inmate currently incarcerated at Louisiana State Penitentiary in Angola, Louisiana. Rec. Doc. 18 at 1. In March 2014, a grand jury returned a multicount indictment charging Petitioner with two counts of aggravated rape, one count of sexual battery, and three counts of aggravated incest. *Id.* at 1-2. These six counts involved the same victim, his minor step-daughter and occurred at various times between 2004 and 2011. *Id.* at 1; Rec. Doc. 15 at 1. Petitioner testified at trial and denied all of the victim's allegations by providing work-related alibis.

1

Rec. Doc. 15 at 3. Petitioner also admitted to having a previous conviction of sexual battery involving his minor step-daughter. *Id.*

In January 2016, a jury found petitioner guilty on all six counts. Rec. Doc. 18 at 2. He motioned for a new trial and for post-verdict judgment of acquittal, both of which the trial court denied. *Id.* Petitioner Smith was sentenced to two terms of life imprisonment for aggravated rape, fifty years for sexual battery, and three terms of fifteen years each for aggravated incest, all to be served consecutively and without benefit of probation, parole or suspension of sentence. *Id.* The trial court denied petitioner's motion to reconsider the sentences. *Id.*

Petitioner's appointed counsel filed an *Anders* brief on direct appeal to the Louisiana First Circuit Court of Appeals. Rec. Doc. 18 at 2. The First Circuit affirmed the convictions and the sentences for count one, two and three. *Id.* Additionally, the First Circuit affirmed as amended the sentences on counts four, five and six to delete the parole restriction. *Id.* The case was remanded to the trial court to correct the minute entry and commitment order to reflect the amended sentences. *Id.* Petitioner did not file any other direct appeals. *Id.* Thus, his conviction became final on May 20, 2017. Rec. Doc. 15 at 1.

On August 13, 2017, petitioner submitted an application for post-conviction relief to the state district court claiming that

2

he was factually innocent of the offenses. Rec. Doc. 18 at 3. He provided bank statements and employment records to establish his whereabouts on the alleged dates of the incidents and to dispute the victim's testimony. *Id.* The State responded by asserting that the attached documents were not newly discoverable nor were they unavailable for trial. *Id.* Additionally, the State argued that the claim of actual innocence is not a cognizable ground for post-conviction relief. *Id.* On July 11, 2018, the state district court denied petitioner's application for post-conviction relief because he failed to state a cognizable claim as articulated in *State v. Pierre*, 14-0873 (La. 10/15/13), 125 So.3d 403 and *State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290. Rec. Doc. 18 at 3-4.

On August 13, 2018, petitioner filed an application for writ of review in the Louisiana First Circuit Court of Appeals. Rec. Doc. 15 1-2. The First Circuit denied his application on November 30, 2018. *Id.* Then, on December 17, 2018, petitioner filed an application for writ of review with the Louisiana Supreme Court. Rec. Dec. 15 at 2. On October 1, 2019, the court denied his related application for supervisory writ of review because he failed to show that he is factually innocent under the *Conway* standard. Rec. Doc. 18 at 4.

On November 14, 2019, petitioner filed a federal application for habeas corpus relief based on two grounds for relief, claiming actual innocence and that it is unconstitutional to hold a

3

factually innocent person in prison. Rec. Doc. 18 at 4. On January 23, 2020, the State filed a response conceding timeliness and exhaustion but argued that the claim of actual innocence lacks merit. Rec. Doc. 15 at 5-6. On May 15, 2020, Magistrate North recommended that petitioner's application be dismissed with prejudice. Rec. Doc. 18 at 14. On May 28, 2020, petitioner timely objected to the latter recommendation. Rec. Doc. 19.

For pure questions of fact, factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus . . . a determination of a factual issue made by a State court shall be presumed to be correct"). The applicant has the burden of rebutting the presumption by clear and convincing evidence. *See id*. However, a writ of habeas corpus may be granted if the adjudication of the claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Hankton v. Boutte,* 2018 U.S. Dist. LEXIS 126899 *1, *10 (E.D. La June 29, 2018).

For pure questions of law and mixed questions of law and fact, a state court's determination is reviewed under § 2254(d)(1). *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Specifically, with mixed questions, a state court's determination receives deference unless the decision was either contrary to federal law

or involved an unreasonable application of federal law.  *See* 28
U.S.C. § 2254(d)(1); *Hill*, 210 F.3d at 485.

A state court's decision is contrary to federal law if (1)
the state court applies a rule different from the governing law
set forth in the Supreme Court's cases or (2) the state court
decides a case differently than the Supreme Court when there are
"materially indistinguishable facts." *See Poree,* 866 F.3d at 246;
*Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010).

The "unreasonableness" of a state court's determination is
not about whether it was incorrect but rather if it was objectively
unreasonable. *Boyer v. Vannoy*, 863 F.3d 428, 454 (5th Cir. 2017).
The court in *Boyer* stated that the determination must not be
"merely wrong" and that "clear error" will not be enough to
overturn a state court's determination. *See id*; *see also Puckett
v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (finding an incorrect
application of the law will be affirmed if it is not also
unreasonable).  Thus, even if a state court incorrectly applies
Supreme Court precedent, that mistake alone, does not mean that a
petitioner is entitled to habeas relief. *See Puckett*, 641 F.3d at
663.

The Fifth Circuit does not recognize free standing claims of
actual innocence on federal habeas review. Furthermore, even if a
claim of actual innocence was recognized on federal habeas review,

petitioner Smith did not satisfy the rigorous standard required to prove actual innocence.

First, Smith claims that the state courts incorrectly applied the *Conway* standard when analyzing his actual innocence claim because the Louisiana Supreme Court states in *Pierre* that it has never adopted this standard. Rec. Doc. 18 at 9; Rec. Doc. 19 at 3. Instead, he proposes that federal law should govern actual innocence claims. *Id.*

In *Pierre,* the Louisiana Supreme Court explained that it has yet to hold that actual innocence claims not based on DNA evidence are cognizable in application for post-conviction relief. *See Pierre*, 14-0873 at 6, 125 So.3d at 407. However, the Louisiana Supreme Court did recognize this type of claim in *Conway*. *Id.* Assuming an actual innocence claim is cognizable in an application for post-conviction relief, the court stated that the claim "must necessarily involve new, material, noncumulative and conclusive evidence which meets an extraordinarily high standard, and which undermines the prosecution's entire case." *Id* (internal quotes omitted).

Here, the Louisiana Supreme Court reviewed and denied the petitioner's application because his evidence did not meet the *Conway* standard. Rec. Doc. 18 at 4. However, this Court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S.

6

62, 68. Federal Courts do not "reexamine state court determinations on state-law questions." *Id.* at 67-68. Therefore, we will not examine whether the Louisiana Supreme Court was correct in applying the *Conway* standard.

Second, the United States Supreme Court has yet to recognize a claim of actual innocence as an independent ground for relief in federal habeas corpus proceedings. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Thus, the Fifth Circuit does not normally recognize this type of claim. See *Kinsel v. Cain*, 647 F.3d 265, 270 n. 20 (5th Cir. 2011); *see also* Keil v. McCain, Civ. Action 18-9410, 2019 WL 2439424, at *30 (E.D. La. May 21, 2019), *recommendation adopted* 2019 WL 2437177 (E.D. La. June 11, 2019); *Brown v. Vannoy*, Civ. Action 19-9121, 2019 WL 2396793, at *1-2 (E.D. La. May 20, 2019), *recommendation adopted* 2019 WL 2395533 (E.D. La. June 6, 2019), *aff'd* 2020 WL 1778269 (5th Cir. 2020). Therefore, we decline relief on the actual innocence claim.

Even if a freestanding claim of actual innocence was recognized, petitioner did not satisfy the standard to prove his actual innocence. In order to establish an actual innocence claim, the applicant must "support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*,

513 U.S. 298, 324 (1995). Additionally, "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if it was always within the reach of petitioner's personal knowledge or reasonable investigation." *Tyler v. Davis*, 768 Fed. Appx. 264, 265 (5th Cir. 2019)(internal quotes omitted). Furthermore, the applicant must show "that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

Petitioner did not meet this standard. He failed to support his actual innocence claim with new evidence. Instead, he submitted bank statements and employment records that he conceded were readily available at trial. Rec. Doc. 18 at 12. However, he advises his counsel chose not to introduce the records at trial. *Id.*

In *Floyd v. Vannoy*, the United States Fifth Circuit held that Floyd established an actual innocence claim by presenting fingerprint-comparison results.[1] 894 F.3d 143, 155 (5th Cir. 1991). These results were readily available at the bench trial but were withheld from the judge, defense and the prosecution. *Id.* at 156. The Fifth Circuit found that the fingerprint-comparison results were new evidence because it was not presented at the bench trial and remained unknown to the judge and the parties. *Id.*

---

[1] Floy established his actual innocence and thus allowed the Fifth Circuit to consider his time-barred *Brady* claims.

This case differs tremendously from *Floyd*. Unlike in *Floyd* where neither party had knowledge of the evidence, the defense in this case had knowledge of the petitioner's employment and bank records. Rec Doc. 15 at 12. Because these records were not unknown to the defense, the records are not considered new evidence.

Petitioner asserts that the records would have corroborated his alibi testimony regarding his whereabouts on some of the dates that the incidents occurred. *Id.* Petitioner testified at trial that he was out of state for work during the dates of the alleged incidents. *Id.* Petitioner claims that these records, if presented to the jury, would have discredited the victim's testimony. *Id.* To satisfy the *Schlup* actual-innocence standard, petitioner must show that in light of these records no reasonably juror would have found him guilty beyond a reasonable doubt.

The records do not rise to the high standard of proving his factual innocence. The victim testified that she had trouble recalling the exact dates when the various incidents occurred. *Id.* at 13. The victim also gave a range of dates for when the incidents occurred. Rec. Doc. 15 at 11. Furthermore, the victim was able to recall specific details of the incidents that were corroborated by the other witness. Rec. Doc. 18 at 13. The discrepancies in the dates did not diminish the fact that the incidents with petitioner Smith took place. Because the supporting evidence is not considered new and it fails

to meet the *Schlup* actual-innocence standard, petitioner fails
to establish an actual innocence claim.

New Orleans, Louisiana, this 3rd day of June 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE